THE PEOPLE v. GEORGE SUTHERLAND.

*Criminal law—Preliminary examination—Return of magistrate—*
*Assault with intent to do great bodily harm—Pleading—*
*Amendment— Evidence.*

1. A certificate of an examining magistrate stating that it appears to him that the offense charged has been committed, and that there is *just* cause to *suspect* the respondent to be guilty thereof, is sufficient to confer jurisdiction upon the circuit court to try the case.

2. Respondent was informed against under How. Stat. § 9122a, which provides that any person who shall assault another with intent to do great bodily harm less than the crime of murder shall be punished, etc. The words "the crime of" were omitted from the complaint, warrant, and information. No objection was made during the trial to their omission. And it is held that, had the attention of the court been called to the defect, it would have been amended under How. Stat. § 9535, and that it must, after verdict, be disregarded; citing *Merwin v. People*, 26 Mich. 305.

3. It was competent for the prosecution to show the violence of the assault as bearing upon the question of intent.

4. The party upon whom the assault was made, after detailing with great minuteness the assault and the result upon himself, was allowed to testify, against objection, that he had

wounds upon his face, caused by being kicked by the respond-ent; that they had been running ever since the assault; that, two or three weeks after the assault, an abscess formed, and the doctor lanced it, and quite a number of bones worked out. And it is held that the testimony was competent as showing the aggravated character of the assault, and that no error was committed in permitting the witness to exhibit his injuries to the jury.

5. After the witness had stated on cross-examination that he had been arrested for being drunk, he was asked how many times he had been drunk since the assault. And it is held that the evidence called for had no bearing whatever on the issues involved in the case, and was properly excluded.

6. It was proper, on the cross-examination of the respondent, to go as fully into his antecedents as into those of any other witness in the case.

Error to Branch.  (Loveridge, J.)    Argued March 1, 1895.   Decided March 19, 1895.

Respondent was convicted of an assault with intent to do great bodily harm less than the crime of murder, and sentenced to imprisonment in the State prison at Jackson for three years.  Judgment affirmed.  The facts are stated in the opinion.

*John S. Evans,* for respondent.

*Fred A. Maynard,* Attorney General, and *William H. Compton,* Prosecuting Attorney, for the people.

LONG, J.  Respondent was convicted of an assault with intent to do great bodily harm less than the crime of murder.  Upon being arraigned, he refused to plead, and his counsel moved to quash the information, for the reasons:

1. That the papers filed in said case, purporting to be the return of the justice, had no certificate.

2. That the respondent had had no examination accord-ing to the statute.

3. That the justice had no jurisdiction of the cause, and that the circuit court had no jurisdiction.

4. That the justice did not find probable cause to suspect the respondent guilty of any offense.

5. That there was nothing to show that the evidence of the witnesses was reduced to writing, if there was any taken before the justice, or that the witnesses signed their testimony; nor that the respondent waived examination.

6. That the complaint did not show that there was a felonious assault made.

. These objections were overruled, which ruling raises the first question in the case.

The whole of the proceedings had before the justice do not appear to be in the record presented here, but from the part returned it appears that the justice did certify as follows:

" It appears to me that said offense has been committed, and there is just cause to suspect the said defendant to be guilty thereof."

The statute for the examination of offenders provides that " if it shall appear that an offense not cognizable by a justice of the peace has been committed, and that there is probable cause to believe the prisoner guilty thereof, and if the offense be bailable," etc., the justice shall take bail, and, if no bail be offered, commit the prisoner for trial. How. Stat. § 9471. This examination is not a judicial inquiry, in which the guilt or innocence of the party accused is finally decided upon, but an inquiry to ascertain whether the crime alleged has been committed, and whether there is reasonable ground to believe that the party accused may have committed it. *People v. Lynch*, 29 Mich. 279. The certificate made by the justice was sufficient to confer jurisdiction upon the circuit court to try the cause. He does certify that it appeared that said offense had been committed, and that there was just cause to suspect the respondent to be guilty thereof. He used the word " suspect " and not " believe." This is sufficient, and a sufficient finding of probable cause.

We are unable to say that the examination was not full and complete, as the full return of the examination is not. in the record. The offense was set up in the complaint. and warrant.

It is contended, however, that the justice had no juris-- diction of the cause. The complaint recites that—

"On the 14th day of June, A. D. 1893, * * * George Sutherland, with force and arms, in and upon him, the said Wily Putnam, did make an assault, and him, the said Wily Putnam, did beat, bruise, wound, and ill treat, with intent then and there to do great bodily harm to him, the said Wily Putnam, less than murder."

The warrant contained the same recital, and the contention is that no offense is stated within the terms of the statute.

How. Stat. § 9122a, provides:

"That any person who shall assault another with intent to do great bodily harm less than the crime of murder shall be punished," etc.

It is contended that in leaving out the words "the crime of" no offense is stated.

It does not appear from the record that this specific objection was made in the court below, and the information followed the same form. The court below evidently regarded the words as contained in the complaint, warrant, and information, for, in the charge, the court, in stating the offense, employed the words of the statute, and his attention was not called, even at that time, to this omission in the pleadings. If the objection had been made at that time, an amendment would have been allowed, under How. Stat. § 9535, which provides that—

"Every objection to any indictment, for any formal defect apparent on the face thereof, shall be taken by demurrer or 'motion to quash such indictment before the jury shall be sworn, and not afterwards; and every court before whom such objection shall be taken for any formal

defect may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no defect had appeared."

As this defect was one which would have been amended if attention had been called to it, it must, after verdict, be disregarded. *Merwin v. People,* 26 Mich. 305.

Some testimony was given under objection, for the purpose of showing the violence of the assault as bearing upon the question of intent. The testimony was admissible, and was properly explained to the jury in the general charge, as follows:

"The people claim that the respondent, at the place and time alleged, made an unprovoked assault upon the complaining witness; that he kicked him in the face, producing a fracture of the jaw; that he knocked him down, and kicked him several times in the chest; and that such blows and kicks were given by the respondent with intent to do him, Putnam, great bodily harm less than the crime of murder. *  *  *  In order to find the intent to do great bodily harm by breaking the jaw, you must find that the respondent contemplated such a result. You must consider the means which the respondent employed, and whether the use of such means would naturally lead to such a result. It may not have been necessary that the respondent should have contemplated precisely such a result as a fracture of the jaw, but it is necessary that you should find he contemplated a result that would have produced great bodily harm or serious injury."

Respondent sought to show upon the trial a justification for the act, and upon that question the court charged the jury:

"If you believe from the evidence that the complaining witness went to the respondent's house, and accused his family, as it is claimed he did, the respondent had the right, in defense of his family and dwelling-house, to expel the complaining witness from his dwelling-house and premises, and to use all reasonable and necessary means and force to compel him to depart."

No written requests to charge were presented, and it is apparent that the charge as given stated the law applicable to the case. Many objections are made to the charge, but we do not deem it necessary to discuss them specifically, as we find no error in the charge as a whole.

Several other objections are made to the testimony introduced. Such objections will be discussed so far as we deem it necessary.

The complainant, Wily Putnam, was called as a witness, and without objection detailed with great minuteness the assault, and the result upon himself. He was asked:

"Have you any wounds now upon your face in consequence of the kicking by respondent?"

This was objected to as immaterial, and admitted.

"A. Yes, sir; under my chin.
"Q. Have they been running ever since? (Objected to as incompetent.)
"A. It has been running ever since. Two or three weeks after the assault, a big abscess formed, and the doctor lanced it, and quite a number of bones worked out."

This testimony was competent as showing the aggravated character of the assault, and there was no error in permitting the witness to exhibit his injuries to the jury.

On cross-examination, respondent's counsel asked the witness if he had been arrested for being drunk, and he answered that he had. He was then asked: "Since this trouble, how many times have you been drunk?" This was properly excluded. It had no bearing whatever on the issues involved in the case.

Some questions are raised in reference to the cross-examination of the respondent. He was sworn and examined in chief by his counsel. It was proper on cross-examination to go as fully into his antecedents as it would have been with any other witness in the case. Under the

statute the respondent in a criminal case may now be sworn in his own behalf. When introduced as a witness, he is subject to the same rules of cross-examination as any other witness in the case; and we find nothing improper in the cross-examination.

The judgment must be affirmed.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.