## STATE v. WRIGHT.

1. Where it appeared from the uncontradicted testimony of the examining magistrate, the state's attorney, the clerk of the circuit court, court, and the docket of the examining magistrate that a preliminary examination had been had and was waived by defendant after the examination of certain witnesses, and that the files of the circuit court had been removed for examination of counsel, and were traced to the possession of the defendant's attorneys, the indictment will not be quashed for lack of a preliminary examination under Laws 1895, Chap. 64, § 8, providing that no information shall be filed against any person for any offense until such person shall have had a preliminary examination, unless such person shall waive such right.

2. Const, Art. 5, § 1, provides that the judicial powers shall be vested in a supreme court, circuit courts, county courts, and such other courts as may be created by law for cities and incorporated towns; and section 23 empowers the legislature to create such police magistrates for cities and towns as may be deemed from time to time necessary, and such police magistrates may also be constituted *ex officio* justices of the peace for their counties. Comp. Laws, § 7119, designates as examining magistrates police and other special justices appointed or elected in a city, village, or town. *Held*, that a police justice was authorized to act as a committing magistrate on a prosecution for embezzlement.

3. Under Comp. Laws, § 7334, providing that, if a sufficient number of jurors cannot be obtained from the box, the court may, when necessary, order the sheriff to summon as many other jurors as it deems sufficient, a defendant is required to exercise his right of peremtory challenge against members of the regular panel before talesmn are called to complete the jury.

4. Where the statute authorized a conviction of embezzlement for the taking of $20, on a prosecution for the embezzeling of $282, it was not prejudicial for the court to authorize a conviction if the evidence showed a taking of $50 or more.

(Opinion filed July 2, 1902.)

Error to circuit court, Minnehaha county.  HON. LORING E. GAFFY, Presiding Judge.

Samuel H. Wright was convicted of embezzlement, and he brings error.  Affirmed.

The facts are stated in the opinion.

*Grigsby & Grigsby,* for plaintiff in error.

The Attorney General and *W. D. Scott,* State's Attorney, for defendant in error.

FULLER, J.  Plaintiff in error was tried in the circuit court and found guilty of the crime of embezzlement, as charged in the information of the state's attorney, and the case is now presented to us for final determination.  If correct in our view of the points urged by counsel for the accused, it may be assumed that a duly settled bill of exceptions is properly before this court, and none of the questions of practice pertaining to the time and manner of its settlement require determination.  The main contention appears to be that the information was filed and trial prosecuted to judgment without proper evidence to show that a preliminary examination had been held, or that the accused had waived his right thereto.

Section 8, Chap. 64, Laws 1895, provides that "no information shall be filed against any person for any offense until such person shall have had a preliminary examination thereof as provided by law before a justice of the peace or other examining magistrate or officer, unless such person shall waive such right; provided, however, that informations may be filed without such examinations against fugitives from justice."  Whenever it is deemed necessary by the state's attorney, whose duty it is to conduct the preliminary examination, the statute above mentioned gives him discretion to have the testimony so taken written out, in questions and answers, and filed with

the papers in the case; but he must, in case he concludes to file no information, make, subscribe, and file with the trial court a complete statement in writing, containing his reasons for such determination, together with the evidence in the case; and such court may, in the exercise of its discretion, order the proper information to be filed, and place the accused upon trial. If the evidence offered at the preliminary examination makes it appear to the magistrate that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, he must be held to answer; and the existence of these two conditions must be shown by his order indorsed on the information, which, with the warrant, if any, and a certified record of the proceedings as they appear on his docket, must be returned immediately to the circut court. Comp. Laws, §§ 7175-7187.

At the trial the accused was permitted to withdraw his plea of not guilty and move as follows to quash the information : "First, that this defendant has never had a preliminary examination for the crime or offense charged, and that the petitioner was not a fugitive from justice; second, that no order was ever made by any magistrate to the effect that a public offense had been committed, and that there was sufficient cause to believe this defendant guilty thereof; third, that this defendant has never been by any magistrate held to answer to the crime or offense as is charged in the purported information herein; fourth, that no magistrate has ever returned to this court any information against this defendant, or any warrant issued for his arrest, or any certified record of his proceedings as they appear upon his docket, showing that this defendant has ever been held to answer the charges contained in purported information herein; fifth, that the information or purported information under which the defendant was arraigned does not substantially conform to the requirements of the statutes and laws of this state."

By the uncontroverted testimony of the examining magistrate, the state's attorney, and the clerk of the circuit court, it was affirmatively established that a preliminary examination was duly held in strict compliance with every requirement of the statute; and the files of the circuit court to which the proceedings were returned had been withdrawn for the purpose of examination by counsel, and were traced to the possession of the attorneys for plaintiff in error. That the accused expressly waived the preliminary examination after certain witnesses had testified on the part of the state before the examining magistrate, and that all necessary papers and files relative thereto were duly certified to the circuit court, is established by competent testimony. The docket of the examining magistrate, offered and received in evidence, contains a record of the proceedings, as follows: "The State of South Dakota, Minnehaha county, ss.: Justice Court. Before O. A. Fowler, Police Justice of Sioux Falls, South Dakota. The State of South Dakota v. Samuel H. Wright. Sworn complaint was made on the 30th day of June, A. D. 1900, by Jeanette K. Morrow, charging Samuel H. Wright with the crime of embezzlement. Warrant issued this 30th day of June, 1900. Defendant arrested and brought into court same day by Charles Nelson, deputy; and after reading the complaint to the defendant, and apprising him of his rights under the statute of the State of South Dakota, defendant entered a plea of not guilty. Defendant moved for a continuance to get counsel and prepare his defense until Monday, July 2d, at three o'clock, which motion was granted, and bail fixed at $900 for defendant's appearance at that time, which bail was furnished, and the case adjourned until said date above. July 2, 1900, four o'clock, case called; C. P. Bates appearing for the state. Defendant and complaining witness in court. Defendant tried his own case. Jeanette K. Morrow sworn: Fred Hollister, Joe Kirby, and

C. P. Bates all sworn and testified on the part of the state. Defendant moved to continue said case until Thursday, July 5, 1900, until 4 o'clock, which motion was granted, and defendant remanded to the care and custody of the sheriff, with bail fixed at nine hundred dollars. July 5, 1900, case continued till Monday, at ten o'clock, July 9, 1900. On motion of defendant, July 9, 1900, case called; C. P. Bates appearing for the state, and S. H. Wright appeared for his own defense, and as defendant in this case, and waived further examination; and the court thereupon fixed a bond at $900 for defendant's appearance at the next term of circuit court for the further consideration. Bond furnished and defendant released until that time. O. A. Fowler, Police Justice."

The statute gives to a person brought before a magistrate for a preliminary hearing the undoubted right to dispense therewith by a waiver of the entire proceedings; and such action on his part is, for the purposes of the examination, equivalent to proof sufficient to make it appear that the offense charged has been committed, and justify the belief on the part of the magistrate that such person is guilty thereof. His waiver of the examination made it the duty of the magistrate to hold him to answer, and it is very evident that everything necessary to confer jurisdiction upon the trial court was by the magistrate duly returned and filed therein. It appears that, when a justice of the peace acts as an examining magistrate, he is required to make a record of the proceedings, and all entries made in his docket pertaining thereto are prima facie evidence of the facts so stated. Comp. Laws, § 6124, as amended by chapter 73 Laws of 1895. The admission implied by the waiver is not only equivalent to sufficient evidence to warrant holding the accused to answer, but dispenses with the necessity of the examination of witnesses, and estops the accused, after being admitted to bail, from raising the ques-

tion that no preliminary examination has been held. Turner v. People, 33 Mich, 363; State v. Kornstett, 62 Kan. 221, 61 Pac. 805; People v. Tarbox, 115 Cal. 57, 46 Pac. 896; People v. Johnson, 46 Hun. 667; People v. Sutherland, 104 Mich. 468, 62 N. W. 566; State v. Ritty, 23 Ohio St. 562; Korth v. State, 46 Neb. 631, 65 N. W. 792; Redmond v. State, 12 Kan. 172. The examining magistrate, after giving the substance of the complaint or information filed before him, upon which the warrant was issued, states specifically that he signed an order indorsed upon said information and duly certified to the circuit court, as follows: "It appearing to me that the offense in the within information has been committed, and that there is sufficient cause to believe the within Samuel H. Wright guilty thereof, I order that he be held to answer the same." It is further shown by the affidavit of the state's attorney, C. P. Bates, Esq., who drew the complaint or information upon which the original warrant of arrest was issued, that the charging part of such complaint or information was substantially the same as the information filed in the circuit court, and that such complaint, together with the warrant, bond, and certified copy of the transcript, were duly filed in circuit court, and had never been seen by counsel for the state after the same were withdrawn from the files and delivered to counsel for the accused. The fact that a preliminary examination has been held or waived constitutes the jurisdictional basis for the prosecution in circuit court, and the removal of the files from the office of the clerk of that court is no ground for quashing an information filed therein charging identically the same offense for which the accused was apprehended and brought before the examining magistrate. Even though the examining magistrate fails to certify in his return the fact that the preliminary examination was waived, the circuit court has power to order a further return showing such waiver, and the

trial may proceed to judgment. People v. Wright, 89 Mich. 70, 50 N. W. 792. The fact of a preliminary examination, or its waiver, and not the restoration of lost or misplaced files, was essential to the jurisdiction of the circuit court, and that such examination was waived by the accused is affirmatively shown by competent testimony that stands undisputed.

It is further claimed that a police justice has no authority to act as a committing magistrate, but in such contention there is no merit. Section 1, Art. 5, of the constitution, provides that "the judicial powers of the state, except as in this constitution otherwise provided, shall be vested in the supreme court, circuit courts, county courts, and justices of the peace, and such other courts as may be created by law for cities and incorporated towns." Section 23: "The legislature shall have power to provide for creating such police magistrates for cities and towns as may be deemed from time to time necessary, who shall have jurisdiction of all cases arising under the ordinances of such cities and towns respectively, and such police magistrates may also be constituted *ex-officio* justices of the peace for their respective counties." Section 7119 of the Compiled Laws expressly designates the following persons as examining magistrates: "(1) The judges of the supreme court. (2) The circuit judges. (3) Justices of the peace. (4) Police and other special justices appointed or elected in a city, village or town."

Conformable to statutes and the prevailing practice, the calling of talesmen should be avoided until the necessity therefor is apparent, and it is only in cases where a sufficient number of qualified jurors cannot be obtained from the box that the court may consistently order the sheriff to summon jurors from the body of the county. Comp. Laws, § 7334. Consequently there is nothing in the assignment of error relating to the manner of impaneling the jury, and the

defendant was lawfully required to exercise his right of peremtory challenge against members of the regular panel as they appeared, and before talesmen were called to complete the jury. Comp. Laws, § 7351.

Both at the trial and before the examining magistrate the accused was charged with the crime of embezzleing $282 in current money of the United States; and, assuming that there was testimony tending to show that an undisclosed portion thereof was applied in the due and lawful execution of his trust, it was not prejudicially erroneous to instruct the jury, in substance, that proof beyond a reasonable doubt that the accused had embezzled $50 or more of such money would be sufficient to justify a verdict of guilty as charged in the information.

By section 6807 of the Compiled Laws, the punishment for embezzlement is the same as that prescribed for feloniously stealing property of the value of that embezzled, and consequently the penalty that the court must inflict in either case is imprisonment in the penitentiary for a term not exceeding five years, provided the property either stolen or embezzled exceeds $20 in value. Comp. Laws, § 6784.

The charge considered in all its parts, is most favorable to the accused; and the record, read through to the end, discloses no substantial error. The judgment of the trial court is affirmed.