ANDY HARMON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Under an indictment covering the various degrees of assaults, evidence by the State that the assaulted person suffered great pain is not immaterial.

2. It is not error to permit the State to waive the opening argument, it not being made to appear that there was any closing argument on behalf of the State prejudicial or otherwise.

3. Charges already given by the court need not be repeated at defendant's request.

4. The evidence supported the verdict.

This case was decided by Division A.

Writ of error to the Circuit Court for Washington county.

The facts in the case are stated in the opinion of the court.

*Edwin R. Blow* (with whom was *W. H. Price* on the brief) for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

COCKRELL, J.—Andy Harmon was indicted, tried and convicted of an assault with intent to murder one H. D. Messer by cutting him with a knife and was sentenced to the State prison for a term of five years.

Over an objection as to materiality the State was permitted to prove that the person assaulted suffered great pain. The indictment covered various degrees of assaults, including aggravated and simple assaults, and it was competent for the State to prove the suffering consequent upon the act. The extent of the pain bears a close relation to the extent of the injury and the violence of the assault, which in turn is material in showing the intent of the assaulting party. *People v. Sutherland,* 104 Mich. 468, 62 N. W. Rep. 566. This answers the only objection to evidence raised at the trial.

At the conclusion of the testimony, the State Attorney announced that he waived the opening argument, and the defendant moved that he be required to state the facts relied upon for conviction, whereupon "the court stated that he would require the State Attorney to read any authorities he had to submit, and the State Attorney then and there announced that he had no authorities to submit to the court. Thereupon the court overruled the motion, to which action upon the part of the court in refusing said motion, the defendant did then and there except. And the said parties having concluded their testimony, and the several matters aforesaid, the judge did then and there give his opinion and deliver his charge to the jury," etc. It will be observed from the foregoing extract from the bill of exceptions that it does not appear that the State Attorney made any remarks prejudicial or otherwise, in his closing address, nor that he made any closing address at all, much less that the

defense was injured by the refusal of the court to permit a reply to any remarks that might have been so made. We know of no rule of law that requires either party to address the jury and perhaps weaken the eloquence of the facts brought out on the witness stand, and can not say the accused was injured by anything disclosed in this record.

The special charges in behalf of the defense were sufficiently covered by the court in its general charge and a repetition was properly refused.

The evidence was lengthy and need not be inserted here. That on the part of the State made out the crimes and we are not disposed to interfere with the jury's verdict.

This disposes of all the assignments of error and the judgment is affirmed, at the cost of Washington county.

TAYLOR, C. J., and HOCKER, J., concur.

CARTER, P. J., and SHACKLEFORD and WHITFIELD, JJ., concur in the opinion.