PEOPLE v. MORRIS

1. INDICTMENT AND INFORMATION—AMENDMENT—EMBEZZLEMENT—
   CONSPIRACY—PREJUDICE.

   Amendment of information to charge defendant more specifically
   with conspiracy to embezzle did not unfairly surprise defend-
   ant to his prejudice where the examining magistrate, the
   prosecutor, and the trial judge had informed defendant that
   he was charged with conspiracy to embezzle and the informa-
   tion bore the caption "Information for Conspiracy to Com-
   mit Embezzlement", because to show prejudice, one must show
   surprise, and an accused who has been apprised several times
   of the prosecution's intent has not been surprised.

2. INDICTMENT AND INFORMATION — AMENDMENT — SURPRISE —
   PREJUDICE.

   Failure of defendant to move for a continuance to which he
   was statutorily entitled after an information was amended
   to charge more specifically with conspiracy to embezzle showed
   that he was neither surprised nor misled in making his defense
   to that charge (MCLA § 767.76).

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 April 14, 1970, at Lansing.
(Docket No. 5,106.) Decided May 25, 1970.

Philip Henry Morris was convicted of conspiracy
to commit embezzlement. Defendant appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 171–208.
[2] 17 Am Jur 2d, Continuance § 42.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Frank L. Talkow,* for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and VAN DOMELEN,* JJ.

VAN DOMELEN, J. Appellant appeals from a conviction of conspiracy[1] to commit embezzlement.[2] As only questions of law are raised, it is unnecessary to review the facts. Appellant and Charles Campbell were charged in a complaint and warrant with:

"Count I: Philip Henry Morris and Charles Campbell * * * being the agents of the Flint Transportation Authority, in the City of Flint, did by virtue of being such agents receive and take into their possession certain money, to-wit: United States currency and silver in the excess of $100 of the property of the Flint Transportation Authority of the City of Flint which money came into the possession and under the control of Philip Henry Morris and Charles Campbell by virtue of their employment and Philip Henry Morris and Charles Campbell did dispose of and convert said money to their own use and did embezzle the said money."

The second count of the complaint and warrant, containing the conspiracy charge, did not recite the facts that the two were *employed by this transit authority* nor that they planned to *use their positions* to obtain the money. This is the basis on which the tenuous argument of appellant finally rests. That count read as follows:

---

* Circuit Judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.157a (Stat Ann 1970 Cum Supp § 28.354[1]).
[2] MCLA § 750.174 (Stat Ann 1954 Rev § 28.371).

"Count II: Philip Henry Morris and Charles Campbell between the dates of August 2nd and 3rd, A.D., 1967, unlawfully falsely, deceitfully, did combine, conspire, confederate and agree together by subtle means and devices to obtain and acquire unto themselves, and convert to their own use a sum of money in excess of $100, the property of the Flint Transportation Authority."

At the preliminary examination, the magistrate informed Morris and Campbell that they were being examined relative to two charges: Count I, embezzlement, and Count II, conspiracy to commit embezzlement.

Finding no probable cause, the magistrate dismissed the embezzlement count as to Campbell, but bound appellant over for trial on that count. Both men were bound over for trial on the conspiracy count. At the arraignment on this information, the court dismissed the embezzlement count as to appellant. The two men were then arraigned on an information that charged they "unlawfully, falsely, deceitfully, did combine, conspire, confederate and agree * * * to acquire unto themselves, and convert to their own use * * * the property of the Flint Transportation Authority." This second information did not contain the specific phrase "conspiracy to embezzle" or "by virtue of their positions." However, the following caption and notations appeared on the information:

"Information for Conspiracy to Commit Embezzlement
        "MSA 28.354(1)[3]
        "F–State Prison
        "10 years and $10,000 fine"

---

[3] The general conspiracy statute, MCLA § 750.157a (Stat Ann 1970 Cum Supp § 28.354[1]) provides that a conspiracy is punishable by the same penalty as that provided for the completed offense plus a discretionary fine of $10,000.

Just before the embezzlement count was dismissed as to appellant, the assistant prosecuting attorney referred to that information as containing two counts: Count I, Embezzlement and Count II, Conspiracy to Commit Embezzlement. After Count I was dismissed, he read the generally worded information. The trial judge apparently attempted to clarify the situation by telling the defendants:

"Both of you men are charged with conspiracy to commit embezzlement. This is a felony. If you are found guilty or if you plead guilty to this charge of conspiracy, you may be sentenced up to ten years in the state prison and a fine of $10,000."

Defense counsel advised his clients to stand mute because "there is some question as to the confederation in the new information that may require some thought and some further motion before your Honor".

No further mention of the sufficiency of the information was initiated by appellant. A jury was selected the following day at which time the generally worded information was read to them. The next day the people moved to amend the information to more specifically charge conspiracy to embezzle. The trial judge, in the exercise of the discretion accorded him by statute,[4] granted the motion. The amended information contained the phrases "conspiracy to commit * * * embezzlement", "being the agents or employees of the * * * authority" and "by virtue of their being such agents or employees". Defense counsel timely objected to the granting of this motion. The amended information was then read to the jury.

Appellant claims that the amended information charged him with a completely different crime than

---

[4] MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).

had the prior one, and that he was unfairly surprised to his prejudice.

The above statute provides that the court may,

"* * * at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or admission in form or substance or of any variance with the evidence, * * * the accused shall on his motion be entitled to a * * * reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made."

It is also provided by statute[5] that:

"No indictment shall be quashed, set aside or dismissed for any 1 or more of the following defects * * * (Third) That any uncertainty exists therein. If the court be of the opinion that * * * the third defect exists in any indictment, it may order that the indictment be amended to cure such defect."

In interpreting these statutes, it has been held that the accepted rule is that any amendment not prejudicial to the rights of the accused should be allowed. *People* v. *Watson* (1943), 307 Mich 596. To show prejudice, one must first show surprise. We wonder what theory appellant would proceed under if Count I had not been dismissed. Appellant had been told several times that he was being charged with conspiracy to embezzle. Where the accused has been thus apprised of the prosecution's intent, there can be no prejudice. The following quotation is peculiarly applicable:

"The substantial rights of defendants were not affected by this variance. Defendant could not have been surprised or misled in making a defense."

---

[5] MCLA § 767.75 (Stat Ann 1954 Rev § 28.1015).

*People* v. *Livermore* (1967), 9 Mich App 47, 58.   See also *People* v. *Watson, supra.*

This element of knowledge is what distinguishes the instant case from those like *People* v. *Gibbons* (1932), 260 Mich 96, a case relied upon too heavily by appellant.

It is to be noted that appellant did not move for a continuance to which the statute entitles him where the element of surprise could impair his defense; nor was a new trial moved for.   MCLA § 767.76 *supra,* also provides that:

"No action of the court in refusing a continuance or postponement under this section shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor and no writ of error or other appeal based on such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted."

The reviewing court does not so find.

Appellant also claims error in the trial judge's failure to inform him of the maximum sentence for conspiracy to embezzle.   Neither this issue, nor the allegedly erroneous instructions, were raised at trial and are not properly before us.   *People* v. *Martin* (1965), 1 Mich App 265.   Furthermore, questions raised, but not properly argued, are deemed abandoned.   *People* v. *George* (1965), 375 Mich 262.

The decision of the lower court is affirmed.

All concurred.