PEOPLE v HEARD

Docket No. 44628. Submitted April 9, 1980, at Detroit.—Decided
February 5, 1981. Leave to appeal applied for.

Robert Heard, Jr., was convicted of first-degree felony murder in
Detroit Recorder's Court, Joseph A. Gillis, J. The defendant
appealed, and the Court of Appeals affirmed the defendant's
conviction. 31 Mich App 439; 188 NW2d 24 (1971). The Michi-
gan Supreme Court, thereafter, set aside the defendant's con-
viction and remanded his case for retrial. 388 Mich 182; 200
NW2d 73 (1972).

The defendant was again convicted of first-degree felony
murder on retrial, in Detroit Recorder's Court, Joseph A. Gillis,
J. The defendant again appealed, and his conviction was af-
firmed by the Court of Appeals. 58 Mich App 312; 227 NW2d
331 (1975). Leave to appeal was subsequently denied by the
Supreme Court. 400 Mich 812 (1977). The defendant subse-
quently applied for leave to file a delayed appeal. The Court of
Appeals granted the defendant's application for delayed appeal.
The defendant alleges that 1) reversal is mandated due to the
trial court's failure to instruct the jury that it was necessary
for them to find that the defendant acted with malice afore-
thought before finding him guilty of felony murder, 2) the trial
judge erred by failing to instruct the jury that the defendant
must have had the specific intent to rob or have shared with
his accomplice the common intent to rob before he could be
convicted of felony-murder-robbery, and 3) the trial judge erred
in failing to instruct the jury on the cognate lesser included
offense of involuntary manslaughter. *Held:*

1. The Michigan Supreme Court case of *People v Aaron,* 409
Mich 672; 299 NW2d 304 (1980), abrogating the common-law

REFERENCES FOR POINTS IN HEADNOTES

[1] 15A Am Jur 2d, Common Law §§ 16-18.
   21 Am Jur 2d, Criminal Law §§ 10-13.
   73 Am Jur 2d, Statutes § 185.
[2] 40 Am Jur 2d, Homicide §§ 41, 42, 50, 51, 472, 499, 500.
[3] 16A Am Jur 2d, Constitutional Law § 661 *et seq.*
   20 Am Jur 2d, Courts § 236.
[4] 40 Am Jur 2d, Homicide §§ 525-531.

felony-murder doctrine does not apply to this case since it is limited in application to trials in progress at the time of the *Aaron* decision and those trials occurring after the opinion. The trial judge was not obliged to instruct the jury on the malice-aforethought element.

2. The defendant's allegation that the trial judge failed to instruct the jury that the defendant must have had the specific intent to rob before he could be convicted of felony-murder-robbery is without merit. The defendant was charged as a principal, and the prosecutor presented evidence that the defendant announced the holdup and fired shots at the decedent. The trial judge's instructions adequately informed the jury that the defendant must have had the specific intent to rob.

3. The trial court's undertaking to instruct the jury on voluntary manslaughter created the duty to instruct on involuntary manslaughter in accordance with the defendant's theory of the case, if supported by the evidence. The defendant, however, did not introduce any evidence that the shooting was accidental but testified that he intentionally fired his gun at the decedent in self-defense. The evidence did not support giving an instruction on involuntary manslaughter.

Affirmed.

1. COMMON LAW — ABROGATION OF COMMON LAW.

The common law prevails except as abrogated by the Constitution, the Legislature, or the Supreme Court.

2. HOMICIDE — MURDER — MALICE.

In order to convict a defendant of murder it must be shown that he acted with intent to kill or inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm, and the issue of the defendant's malice must always be submitted to the jury.

3. HOMICIDE — COMMON LAW — FELONY MURDER.

A Supreme Court decision which abrogates the common-law felony-murder rule applies only to trials in progress and those occurring after the date of the opinion.

4. HOMICIDE — MANSLAUGHTER — JURY INSTRUCTIONS.

A trial court must instruct the jury on involuntary manslaughter as well, in accordance with the defendant's theory of the case if supported by the evidence, where the defendant is charged with murder and the court instructs the jury on voluntary manslaughter.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

PER CURIAM. On March 27, 1973, on retrial,[1] defendant was convicted by a jury of first-degree felony murder during the commission of a robbery, MCL 750.316; MSA 28.548. He was sentenced to life imprisonment at hard labor and appeals by our leave.

Defendant raises several arguments on appeal pertaining to the trial court's instructions to the jury. Initially, defendant contends that reversal is mandated due to the trial court's failure to instruct the jury that it was necessary for them to find that defendant acted with malice aforethought before finding him guilty of felony murder. Defendant did not request such an instruction nor object to the trial court's failure to instruct on the element of malice. However, if, as defendant argues, malice was an essential element of the offense, failure to object does not preclude review. *People v Elmore,* 94 Mich App 304, 307; 288 NW2d 416 (1979).

Until recently, this Court was divided on the issue of whether a jury must be instructed on the element of malice before convicting a defendant of

---

[1] Defendant was originally convicted of felony murder by a jury on August 14, 1969. His conviction was affirmed by this Court, *People v Heard,* 31 Mich App 439; 188 NW2d 24 (1971), but reversed by the Michigan Supreme Court which ordered a new trial. *People v Heard,* 388 Mich 182; 200 NW2d 73 (1972).

felony murder. Compare *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1979), with *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977).[2] In *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), the Michigan Supreme Court resolved the question, essentially holding as follows. Michigan has never had a statutory felony-murder rule. No Michigan case had specifically adopted the common-law rule allowing the imputation of malice from the finding of intent to commit the underlying felony. The general rule is that the common law prevails except as abrogated by the Constitution, the Legislature, or the Supreme Court; thus, as the common-law felony-murder rule had not been specifically abrogated, but had been relied on by the appellate and trial courts, it was the law prior to *People v Aaron.* However, the Court determined that the reasons in support of the felony-murder rule no longer exist, and specifically abrogated it, to wit:

"Today we exercise our role in the development of the common law by abrogating the common-law felony-murder rule. We hold that in order to convict a defendant of murder, as that term is defined by Michigan case law, it must be shown that he acted with intent to kill or inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm. We further hold that the issue of malice must always be submitted to the jury." *Id.,* 733.

The Supreme Court specifically limited application of its decision to "all trials in progress and those occurring after the date of this opinion". *Id.* Thus, we conclude that at the time the case at bar was tried, Michigan did have a common-law fel-

---

[2] For further cases see *People v Aaron,* 409 Mich 672, 686, fn 1; 299 NW2d 304 (1980).

ony-murder rule and the trial court was not obliged to instruct the jury on the malice element. *Till, supra.*

Defendant's allegation that the trial court failed to instruct the jury that defendant himself must have had the specific intent to rob or have shared with his accomplice the common intent to rob before he could be convicted of felony-murder-robbery is without merit. Defendant was charged as a principal and the prosecutor presented evidence that defendant announced the holdup and fired shots at the decedent. It was unclear whether the bullet which killed the decedent came from defendant's gun or that of his accomplice, Paul Kincannon. It should also be noted that the case at bar was tried before the Michigan Criminal Jury Instructions were issued. The trial court instructed the jury as follows:

"The unlawful killing of a human being, whether intentionally, unintentionally, or accidentally, which occurs as the result of the commission of or the attempted commission *[sic]* to commit the crime of robbery and where there was in the mind of the perpetrator the specific intent to commit such a crime of robbery, is murder in the first degree.

"The specific intent to commit robbery and the commission or attempt to commit such a crime must be proven beyond a reasonable doubt."

This instruction, along with the trial court's instruction on the definition of robbery, as including the "specific intent to permanently deprive the owner of his property", adequately informed the jury that defendant must have had the specific intent to rob.

Defendant next contends that the trial court erred in failing to instruct the jury on the cognate

lesser included offense of involuntary manslaughter. Defendant had requested that the court instruct the jury on "manslaughter". While defendant did not specifically request a charge on involuntary manslaughter, the trial court's undertaking to instruct on voluntary manslaughter created a duty to instruct on involuntary manslaughter in accordance with defendant's theory of the case, if supported by the evidence. *People v Ora Jones,* 395 Mich 379, 393; 236 NW2d 461 (1975). However, defendant did not introduce any evidence that the shooting was accidental to support a charge of involuntary manslaughter. Rather, defendant testified that he intentionally fired his gun at the decedent in self-defense. Therefore, the evidence did not support the giving of an instruction on involuntary manslaughter. See also *People v West,* 408 Mich 332, 343; 291 NW2d 48 (1980).

Affirmed.

DANHOF, C.J., concurs in the result only.