PEOPLE v KISER

Docket No. 51006. Submitted February 10, 1982, at Detroit.—Decided
    January 10, 1983.

    Michael J. Kiser was convicted of first-degree felony murder,
        committed during the course of a larceny, and felony-firearm,
        Recorder's Court of Detroit, Henry L. Heading, J. Defendant
        appealed, alleging error in the court's jury instruction that
        malice might be inferred from the commission of the larceny
        and in the information's charging him with first-degree felony
        murder during the commission of a larceny without specifying
        whether the larceny was a felony or a misdemeanor. *Held:*

        1. A jury instruction that the malice necessary to convict on
        a felony-murder charge may be inferred solely from the intent
        to commit the underlying felony does not require reversal
        where the trial took place before the decisional date of the
        Supreme Court decision abrogating the common-law felony-
        murder rule, that decision being applicable only to those trials
        in progress or occurring after the date of that decision. Defen-
        dant's trial was complete prior to the Supreme Court's decision.

        2. Defendant alleges error in the information for the first
        time on appeal. Defendant has not preserved the issue for
        appeal.

        Affirmed.

1. HOMICIDE — JURY INSTRUCTIONS — FELONY MURDER — MALICE —
    RETROACTIVITY.

    A jury instruction that the malice necessary to convict on a
    felony-murder charge may be inferred solely from the intent to
    commit the underlying felony does not require reversal where
    the trial took place before the decisional date of the Supreme
    Court decision abrogating the common-law felony-murder rule,
    that decision being applicable only to those trials in progress or
    occurring after the date of that decision.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 85, 233-236.
[2] 5 Am Jur 2d, Appeal and Error § 599.

2. Criminal Law — Indictment — Preserving Question.
    Defects in an information may not be alleged as error for the first
    time on appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz),* for defendant on appeal.

Before: D. C. Riley, P.J., and D. E. Holbrook, Jr., and M. J. Kelly, JJ.

D. E. Holbrook, Jr., J. Defendant was convicted by a jury of first-degree felony murder, MCL 750.316; MSA 28.548, committed in the course of a larceny and felony-firearm, MCL 750.227b; MSA 28.424(2). Thereafter sentenced to a mandatory life term for the felony-murder conviction plus two years for the felony-firearm conviction, defendant appeals as of right.

Defendant first claims that the trial court erred in instructing the jury that malice necessary to find first-degree murder could be inferred from the mere commission of larceny. In *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), the Court held that the issue of malice must be submitted to the jury in order to convict a defendant of first-degree felony murder. The *Aaron* Court held it was error to instruct the jury that malice could be inferred solely from an intention to commit the underlying felony. Defendant's case, however, was completed prior to the *Aaron* decision. Regardless of this fact, defendant argues that *Aaron* applies retroactively herein. In *Aaron, supra,* p 734, the Court stated:

"[t]his decision shall apply to all trials in progress and those occurring after the date of this opinion."

Moreover, several recent cases have held *Aaron* not to have retroactive application. *People v Heard,* 103 Mich App 571; 303 NW2d 240 (1981); *People v Bradley,* 106 Mich App 373; 308 NW2d 216 (1981). Accordingly, *Aaron* is inapplicable to the case at bar.

Hence, in resolving defendant's claim we look to case law prior to *Aaron* when this Court was divided on the issue of whether a jury must be instructed on the element of malice in a felony-murder case. Since at the time of the instant case there existed a split on this Court and because the Supreme Court had not yet resolved same, we find it was proper for the trial court to follow *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977); *People v Wilder,* 82 Mich App 358; 266 NW2d 847 (1978), and *People v Lovett,* 85 Mich App 534; 272 NW2d 126 (1978). Since *Till* and its progeny allowed malice to be imputed from the commission of the underlying felony, it was not reversible error for the trial court to instruct so.

Next, defendant claims that the first-degree felony-murder statute does not apply to murders committed in the course of a misdemeanor larceny, with which defendant claims he was charged. Hence, we must determine if defendant's assertion is correct.

The information charging defendant stated: "While in the perpetration or attempted perpetration of a 'larceny' [defendant] did kill and murder one Phillip Kenneth Fields, contrary to Sec. 750.316, MCLA." The information did not specify whether the "larceny" was a misdemeanor or a felony larceny. Defendant now contends on appeal

that, since the information pled no circumstances to raise the larceny from a misdemeanor to a felony, defendant automatically was charged with a misdemeanor larceny.

The alleged defect in the information cannot be raised for the first time on appeal. The rule is set forth in MCL 767.76; MSA 28.1016 and reads in pertinent part:

"No indictment shall be quashed * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit * * *."

The accepted rule is that any amendment to an information not prejudicial to the rights of defendant should be allowed. *People v Morris,* 23 Mich App 688; 179 NW2d 405 (1970). The defect complained of here was amendable upon proper objection. *People v Sutherland,* 104 Mich 468, 472; 62 NW 566 (1895). The controlling consideration is whether the amendment would have been prejudicial to defendant and to show prejudice, one must first show surprise. *Morris, supra,* p 692.

Defendant made no timely objection to the information and does not claim that he would have been surprised had the information been amended below so as to specify a felony larceny. See *People v Fuzi,* 46 Mich App 204; 208 NW2d 47 (1973). In any event, it would have been difficult for defendant to claim surprise. Our careful review of the record indicates more than sufficient evidence to show that defendant committed larceny from the person, a felony larceny. The trial judge did, in fact, instruct on this offense. Moreover, we can

easily assume that, since defendant was charged under the first-degree felony-murder statute, the intent of the prosecution was to charge him with a felony larceny.

Since defendant failed to object to the information timely, it is unnecessary for us to determine whether the felony-murder statute applies to misdemeanor larcenies under the broad language found in the statute "larceny of any kind".

Affirmed.