## The People v. Gilbert M. Belcher et al.

*Justice's court—Larceny—Warrant—Allegations of value—Amendments.*

1. A warrant for the arrest of a person for a crime triable by a justice must state the offense, and, in cases of larceny, the value of the property stolen.

2. In larceny triable by a justice the value of property stolen is of the essence of the offense and the averment thereof in the warrant a substantial allegation, for the jurisdiction depends on it and the warrant must show jurisdiction.

3. A justice may, before trial for larceny, permit the warrant to be amended to show the value of the property taken; but if he does not the circuit court on appeal cannot allow such amendment.

Exceptions before judgment from Gratiot. (Hart, J.) Oct. 22.—Oct. 28.

Information for larceny. Respondent was convicted. Reversed; prisoner discharged.

Attorney General *Moses Taggart* for the People. Where an information for larceny contained no allegation of the value of the property an amendment was allowed by the court: *People v. Donald* 48 Mich. 491; 1 Archb. Cr. Pl. 100; 1 Bish. Cr. Pro. § 611; statutes permitting amendments should have a broad construction: 3 Russ. Crimes 324, 332.

*W. A. Sweet, Jr.* and *Blanchard & Cagwin* for respondents. Where the warrant gave the justice no jurisdiction the circuit court could not amend on appeal to save the case: *Fowler v. Hyland* 48 Mich. 179.

CHAMPLIN, J. The defendants were arrested on a warrant issued by William L. Phillips, a justice of the peace, on complaint of K. P. Peet, for the larceny of one buggy-pole and five sheep, the property of one John Kipp. A trial was had, and the defendants were convicted and appealed to the circuit court of Gratiot county. The record discloses the fact that the complaint states the value of the property alleged to have been stolen to be twenty dollars, while the warrant, at

the time of the trial before the justice, omitted to state any value. When the case came on for trial in the circuit the counsel for defendants moved the court to quash the proceedings and discharge the defendants for the reason that the property alleged in the warrant to have been stolen was not alleged to have any value, which motion was sustained by the court; and thereupon the prosecuting attorney asked of the court leave to amend the warrant by inserting the words "all of the value of twenty dollars," which was granted, against the objection of the defendants that the court had no power to amend, and that the case must be tried upon the same charge as in the justice's court.

In cases of crimes triable before a justice of the peace it is necessary that the offense for which the prisoner is tried must be stated in the warrant. This is not only implied from the language of the statute, which says that "the charge made against the accused, as stated in the warrant of arrest, shall be distinctly read to him," and if the accused pleads "not guilty," the court is to "proceed to try such issue," but it must appear upon the face of the warrant that the justice has jurisdiction to try the case. This jurisdiction in cases of larceny depends upon the value of the property stolen. The value of the property alleged to be stolen is a substantial allegation, and not a mere formal one, and is regarded as "of the essence of the offense." *Merwin v. People* 26 Mich. 305.

No offense known to the law was charged in the warrant under which the accused was tried before the justice. Doubtless it was within the province of the justice to have permitted an amendment by inserting the value of the property before trial as fully as a circuit court might permit an amendment of an indictment or information in this respect before trial. *People v. Donald* 48 Mich. 493. But this cannot be done by the circuit court in a case appealed from a justice's court. If the circuit court permits an amendment so as to allege the value of the property to be less than twenty-five dollars, he creates an offense within the exclusive jurisdiction of a justice of the peace, and one for which the accused has not been

tried, while, if the court should insert a value exceeding twenty-five dollars, the offense would not be cognizable before a justice, and could not be tried in the circuit because the accused would not have had a preliminary examination before a justice upon that offense.

The defect pointed out in the warrant was fatal, and the accused should have been discharged.

There are other errors in the record which would call for a reversal, but, as the one above mentioned fully disposes of the case, they need not be noticed.

The conviction is reversed and the accused discharged.

The other Justices concurred.