PEOPLE v. BUDZAN.

1. INTOXICATING LIQUORS—DISPENSING BEER WITHOUT A LICENSE—ASSOCIATIONS—RECORD.

In prosecution of secretary of an association of workers for insurance purposes, charged with dispensing beer without a license, where record is silent as to whether the association is incorporated or unincorporated, it is considered as unincorporated (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

2. ASSOCIATIONS—UNINCORPORATED ASSOCIATIONS—STATUTES.

An unincorporated association is not a "person" unless expressly declared such by statute.

3. INTOXICATING LIQUORS—BEER LICENSE—CORPORATIONS.

If the purchaser of beer from a brewery be a corporation, title to the beer would pass to the corporation and dispensing of the beer would require a license (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

4. SAME—BEER LICENSE—UNINCORPORATED ASSOCIATIONS—DISPENS-
ING TO MEMBERS.

  If the purchaser of beer from a brewery be an unincorporated
    association, title to the beer would vest in the members; hence
    if they drank it there would not be a sale or gift to them
    by anyone (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as
    amended by Act No. 281, Pub. Acts 1937).

5. SAME—UNINCORPORATED ASSOCIATIONS—DISPENSING BEER TO
MEMBERS—LICENSES.

  Order quashing information charging secretary of an associa-
    tion of workers for insurance purposes, an unincorporated as-
    sociation, with dispensing beer without a license *held*, proper,
    where beer was purchased from a brewery with association's
    funds and dispensed at a picnic without a license having
    been procured but only to members exhibiting their member-
    ship cards and without charge, since there was no violation
    of the statute (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as
    amended by Act No. 281, Pub. Acts 1937).

  BOYLES and NORTH, JJ., dissenting.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted June 13, 1940. (Docket No. 98, Calendar No.
41,057.) Decided December 10, 1940.

Joe Budzan was charged with dispensing beer
without a license. From order quashing informa-
tion, the people appeal. Affirmed.

*Thomas Read*, Attorney General, and *Elbern Par-
sons*, Prosecuting Attorney, for the people.

*Travis, Merrick & Johnson*, for defendant.

WIEST, J. This is an appeal by the people from
an order quashing an information and discharging
defendant.

Defendant was secretary of an association of
workers for insurance purposes, styled the Interna-
tional Workers' Order. It does not appear whether

the association was incorporated or unincorporated. In 1939 the association desired to hold a picnic for its members, and defendant made an effort to obtain a license permitting the sale of beer at the picnic but a license was refused. Without a license the association purchased beer and dispensed the same at the picnic only to members exhibiting their membership cards and without charge. The sheriff appeared and dispensation of the beer was at once discontinued. Defendant was arrested on a complaint charging that, under the mentioned circumstances, he "did then and there sell, offer, and keep for sale, give away and furnish, unto divers and sundry persons, certain alcoholic liquor, to-wit: beer, without then and there having a license or special permit from the liquor control commission of the State of Michigan, as required by the statute in such case made and provided."

An examining magistrate bound defendant over to the circuit court where an information following the charge in the complaint was filed. Upon motion of defendant the court quashed the information on the ground there was no evidence showing a violation of law by defendant. The court held:

"Under the circumstances, the organization had a legal right to purchase this beer at the brewery in Grand Rapids; they had a legal right to transport it to a convenient place, and they had a legal right to drink their own beer."

The statute which defendant is charged with violating is Act No. 8, § 32, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-47, Stat. Ann. § 18.1003), and provides:

"No person, directly or indirectly, himself, or by his clerk, agent or employee shall manufacture,

manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any wine, spirits, alcohol and/or alcoholic liquor unless such person shall have fully complied with the provisions of this act.''

The statute defines ''person'' to mean any person, firm, partnership, association or corporation, and ''sale'' to include exchange, barter or traffic, furnishing or giving away alcoholic liquor.

Counsel for defendant contends there is no evidence that defendant did violate the statute, or that he bought or gave away the beer.

The pivotal question is well stated in the brief for defendant:

''Does the liquor control act (Act No. 8, Pub. Acts 1933 [Ex. Sess.] [Comp. Laws Supp. 1940, § 9209-16 *et seq.,* Stat. Ann. § 18.971 *et seq.*]), require an unincorporated * * * association, whose members desire to hold a picnic, to obtain a license before the members may drink beer purchased with funds from the treasury of the association?''

The record being silent as to whether the International Workers' Order is a corporation or an unincorporated association, we must consider it as unincorporated. The distinction is of moment in this instance.

The term ''person'' employed in the statute embraces natural or artificial persons and, therefore, includes corporations. An unincorporated association is not a ''person'' unless expressly declared such by statute. If the International Workers' Order had been shown to be a corporation, then title to the beer would have vested in the corporation and any dispensing of it would require a license. In an unincorporated association, however, title to pur-

chases vests in the members and, consequently, if the members in the instance at bar drank only what belonged to them, this did not constitute a sale or gift to them by any one.

*People* v. *Soule,* 74 Mich. 250, 254 (2 L. R. A. 494), involved an incorporated club and it was rightly held that:

"The liquors purchased and kept by this club were, before they were dealt out to the members, the property of the corporation. When the liquor was passed by the agent of the corporation, the respondent in this case, over to the individual member, it became his property, and was a sale to him, as he paid for it when it was delivered to him. He could then do with it as he pleased,—drink it himself, [or] give it to a friend to drink."

In *State, ex rel. Edward T. Young,* v. *Minnesota Club,* 106 Minn. 515, 526 (119 N. W. 494, 20 L. R. A. [N. S.] 1101), the court reviewed the authorities on the subject and stated:

"Whatever may be the proper application of the statute to voluntary associations where property is held in common, the English rule has no application where the organization is a legally constituted corporation."

Considering the International Workers' Order as an unincorporated association, we are constrained to hold there was no violation by defendant of the statute in the instance at bar, and the order of the circuit judge, quashing the information, is affirmed.

BUSHNELL, C. J., and SHARPE, CHANDLER, McALLISTER, and BUTZEL, JJ., concurred with WIEST, J.

NORTH, J. (*dissenting*). Complaint was made against defendant, Joe Budzan, that at a certain time

and place in Ottawa county he "did then and there sell, * * * give away and furnish, unto divers and sundry persons, certain alcoholic liquor, to-wit: beer, without then and there having a license or special permit from the liquor control commission of the State of Michigan, as required by the statute in such case made and provided." Upon examination before the magistrate defendant made a motion to have the complaint dismissed and the warrant quashed. This motion was denied by the magistrate and defendant bound over for trial in the circuit court. After the return of the magistrate defendant made a motion in the circuit court to dismiss on the ground that under the testimony taken before the magistrate there was not probable cause to believe that defendant had violated any of the provisions of the statutes under which he was prosecuted, Act No. 8, §§ 1, 2, 17, 32, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, §§ 9209-16, 9209-17, 9209-32, 9209-47, Stat. Ann. § 18.971, Stat. Ann. 1940 Cum. Supp. §§ 18.972, 18.988, and 18.1003). The circuit judge heard and granted defendant's motion. The People, first having obtained leave, appealed. The determinative question is whether the testimony taken before the magistrate justifies his conclusion that the offense charged in the complaint and warrant had been committed and there was probable cause to believe defendant was guilty. 3 Comp. Laws 1929, § 17205 (Stat. Ann. § 28.931).

From the testimony taken the following facts appear. Defendant is the secretary of an organization of workers, organized for insurance purposes under the name of International Workers' Order, and commonly referred to as the I.W.O. In contemplation of a gathering of the members of this organization, it purchased a quantity of beer at a brewery in Grand

Rapids and paid for it from its treasury. The beer was conveyed to the Little White City Pavilion in Tallmadge township, which is a park or place of amusement; and with defendant's full knowledge and apparently under his supervision the beer was gratuitously served to members of the organization. It is not claimed by defendant that either he or his organization had any permit or license from the Michigan liquor control commission to sell or furnish alcoholic beverage at the time and place in question. The sheriff appeared at the gathering while the beer was being dispensed and after he talked with defendant, Budzan told his associates that dispensing the beer "had to be stopped. He stopped it right then and there. He was the one that did that." The sheriff further testified:

"The arrangement they had there where they were giving away this beer was, it was just like a bar where you could draw it right out behind the bar. He (Budzan) told me they were giving away beer there. * * * I didn't see Mr. Budzan give any. I didn't see any money pass hands. To my knowledge I don't know that these people were bartering for the beer, buying it from them."

Defendant's motion to dismiss was granted, in effect, upon the ground that under the facts, *i. e.* assuming beer was furnished as above noted, defendant had not committed any offense against the laws of the State of Michigan. In the opinion filed the circuit judge said:

"Under the circumstances, the organization had a legal right to purchase this beer at the brewery in Grand Rapids; they had a legal right to transport it to a convenient place, and they had a legal right to drink their own beer, being responsible only for violation of some other law incident to such drinking. * * * He (defendant) is charged with selling et

cetera, beer, in violation of law. There is no evidence that he did so violate the law.''

· It is the claim of the prosecution that this holding was erroneous; that instead defendant was properly held for trial in the circuit court under a showing that he, as an officer of the International Workers' Order, was unlawfully furnishing an alcoholic beverage to the members of that association, in that he, although not licensed, provided them gratuitously with beer purchased with money out of the association treasury. The Constitution provides:

.''The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State, including the retail sales thereof.'' Art. 16, § 11, as amended November, 1932.

The legislature passed an act * of the character contemplated by the constitutional provision and the enactment contains the following provisions:

''SECTION 1. * * * On and after the effective date of this act, it shall be lawful to manufacture for sale, sell, offer for sale, keep for sale, possess and/or transport any alcoholic liquor, * * * subject to the terms, conditions, limitations and restrictions contained herein, and only as provided for in this act. * * *

''SEC. 2. * * * 'Person' to mean any person, firm, partnership, association or corporation. * * *

'Sale' to include exchange, barter or traffic, furnishing or giving away any alcoholic liquor. * * *

''SEC. 7. * * * The commission shall adopt rules and regulations governing the carrying out of this act and supplemental thereto, within the provisions of this act. * * *

· * Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended.—REPORTER.

"SEC. 17. * * * The commission is hereby authorized to issue licenses in its discretion, as provided in this act, upon the payment of the fees. * * *

"SEC. 32. * * * No person, directly or indirectly, himself or by his clerk, agent or employee shall manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, * * * any wine, spirits, alcohol and/or alcoholic liquor unless such person shall have fully complied with the provisions of this act."

It seems clear under the above-quoted section 2 of the statute that it is of no consequence in the instant case whether the International Workers' Order was incorporated or unincorporated. In either event it was admittedly an organized association and section 2 of the statute covers "an association or corporation," thereby including in the statute an unincorporated association as well as an incorporated body. In this connection it may be noted the statute expressly provides for issuing a license to a "Club" (Comp. Laws Supp. 1940, § 9209-34, Stat. Ann. 1940 Cum. Supp. § 16.990); and the statute includes in its definition of a "Club" an "association whether incorporated or unincorporated." (Comp. Laws Supp. 1940, § 9209-17, Stat. Ann. 1940 Cum. Supp. § 18.972.

The theory of defendant's claim that no offense was committed is indicated by the following from his brief:

"The fact that the beer was served without charge is important, for there should be a distinction between the sale of beer and the occasional party or picnic where beer is consumed.

"See *People* v. *Peterson* (1909), 156 Mich. 235 (21 L. R. A. [N. S.] 134), where the court held that a statute similar to the one here did not prevent respondent from dispensing beer *in his own house*

*to his guests* where there was no intention to violate or evade the law.''

The foregoing quotation from defendant's brief indicates he relies upon the claim that the gratuitous furnishing of beer to the members of the association was merely an act of hospitality and not a violation of law. But such was not the case. Instead, those present were assembled as members of the association; and the circumstances can by no stretch of the imagination be brought within the holdings of this Court as to what is permissible in the way of serving an alcoholic beverage as a matter of hospitality. We think it may safely be said this Court has uniformly adhered to the holding that the right to furnish an alcoholic beverage as an act of hospitality is confined to home surroundings and to one's personal guests. See *People* v. *Myers,* 161 Mich. 40; *People* v. *McCall,* 161 Mich. 674; *People* v. *Bedell,* 162 Mich. 230; *People* v. *Lapham,* 162 Mich. 394; *People* v. *Hancock,* 166 Mich. 654. Surely it should not be held under the guise of ''hospitality'' that a person as the agent of an association may gratuitously furnish an alcoholic beverage to any and all the members of an association convened at a gathering in a public place. In the respect just noted there is an obvious and material difference between the factual situation disclosed by this record and that in *People* v. *Peterson,* 156 Mich. 235 (21 L. R. A. [N. S.] 134), upon which appellee relies. And it is this difference in the factual aspects of the cases that renders decision in the cited case inapplicable to the instant case. Our holding in *People* v. *Curry,* 163 Mich. 180 (30 L. R. A. [N. S.] 892), was based on facts strikingly similar to those in the instant case, and we there held that the furnishing of an alcoholic beverage was in violation of law.

Nor can it be held under this record, as defendant would have us hold, that the testimony taken before the magistrate did not show that defendant Budzan was the person through whom as an agent the association was acting in the gratuitous distribution of beer at the time and place in question. That this activity was primarily, if not solely, under the control of defendant Budzan is fairly to be inferred from his own testimony: "we draw it (beer) in the glass and deliver it to them;" and this service was limited to the members of the association who had cards or books showing membership and "that they paid dues. They had to show this membership card before they could receive any beer." That defendant was in full control of dispensing the alcoholic beverage is also disclosed by the fact that as soon as the sheriff suggested or ordered that the furnishing of beer be stopped, upon command of defendant Budzan no beer was thereafter furnished.

The association known as International Workers' Order, whether incorporated or unincorporated, was capable of doing business. It had a treasury and out of its treasury funds it purchased of a Grand Rapids brewery the beer which thereupon belonged to the association. This beer was dispensed under the personal supervision and apparent control of the association's secretary, the defendant Budzan. At least the testimony before the magistrate amply established probable cause to believe that Budzan so acted. If he did, then under the facts disclosed by this record he was guilty of the offense charged, and it was the duty of the magistrate to bind Budzan "to appear before the circuit court of such county or any court having jurisdiction of said cause, for trial." 3 Comp. Laws 1929, § 17205. Mere conflict of evidence or doubt of guilt does not warrant

discharge of a defendant on his examination before a magistrate. *Yaner* v. *People,* 34 Mich. 286.

Defendant Budzan, as its secretary, was an active and responsible officer of the association; and since he was not only present but actively participated in the course of conduct charged in this case to be in violation of law, he is subject to prosecution therefor. *People* v. *White Lead Works,* 82 Mich. 471 (9 L. R. A. 722).

We are not in accord with appellee's contention that the facts disclosed in the instant case had to do only with the "consumption" of an alcoholic beverage and since the liquor control act "does not attempt to regulate consumption" there was no violation of the statute. Instead, the testimony taken before the magistrate clearly discloses there was a furnishing (which under the statute is a sale) of an alcoholic beverage by the association acting through one of its officers indiscriminately to the members of the association assembled in a public place, that the beer for this purpose was purchased from a brewery with funds from the treasury of the association, and obviously it must have been transported from the brewery to the place where it was consumed. Clearly such a course of conduct was a dealing in or a trafficking in alcoholic beverage. The Michigan liquor control act in part is entitled:

"An act to create a liquor control commission for the control of the alcoholic beverage traffic within the State of Michigan, and * * * to provide for the licensing and taxation thereof."

As above noted, the complaint and warrant charged defendant Budzan with violating this statute; and the testimony taken before the examining magistrate disclosed that the offense charged had been committed and that there was probable cause

to believe that defendant Budzan was guilty of. the offense. Under the circumstances he was properly held for trial in the circuit court; and the circuit judge was in error in granting defendant's motion to dismiss.

The order of the circuit judge should be vacated and the case remanded to the circuit court for trial.

BOYLES, J., concurred with NORTH, J.