### PEOPLE *v.* DAYTON

1. Intoxicating Liquors—Unincorporated Association—Sale of Liquor—Unlicensed Sale—Members.

   Dispensing of intoxicating liquor, bought by an unincorporated association with money from its treasury, exclusively to members of the association is not a sale or gift of the liquor because rights to the liquor vested in the members upon its purchase; hence such dispensation without a license is not a violation of the liquor control act (CL 1948, § 436.32).

2. Intoxicating Liquors—Unincorporated Association—Sale of Liquor—Unlicensed Sale—Nonmembers.

   Dispensing for money of intoxicating liquor belonging to an unincorporated association to one who is not a member of the association and who therefore has no rights in the liquor before its dispensation *held*, to be a sale of the liquor and hence a violation of the liquor control act when done by a person not having a license (CL 1948, § 436.32).

3. Indictment and Information—Statement of Charge—Statute.

   The statute under which a defendant is charged with a crime need not be cited, where the body of the information clearly sets forth the charge against defendant.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 May 7, 1969 at Grand Rapids. (Docket No. 4,701.) Decided July 28, 1969.

Starr Dayton was charged with violating the Michigan Liquor Control Act by selling liquor without a license. Motion to quash the information granted. The people appeal. Reversed.

References for Points in Headnotes
[1, 2] 45 Am Jur 2d, Intoxicating Liquors §§ 233, 239.
[3] 41 Am Jur 2d, Indictments and Informations § 88.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Donald A. Burge*, Prosecuting Attorney, and *John W. Mitzel*, Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins*, for defendant.

Before: Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

Per Curiam. The people appeal from an order quashing an information and discharging the defendant, Starr Dayton.

Starr Dayton was charged with violating the Michigan Liquor Control Act (CL 1948, § 436.32 [Stat Ann 1957 Rev § 18.1003]) by selling liquor without a license. A preliminary examination was conducted at which the people made the following showing. George Behrens, a detective in the Kalamazoo police department, entered the club quarters of VFW Post 6252, seated himself at a table, and ordered four whisky-base drinks from defendant. Defendant served the specified drinks to Behrens and collected the price, which was 40 cents per drink. Although a member of the VFW, Behrens was not a member of Post 6252 and had not paid dues or other fees into its treasury. Neither VFW Post 6252 nor the defendant held a license for the sale of alcoholic beverages at the time Behrens was served.

Upon this showing, the defendant was bound over by the examining magistrate for further proceedings in the circuit court. The circuit court subsequently discharged defendant, however, and quashed the information on the grounds that (1) defendant's acts do not fall within the purview of the liquor control act and (2) the information was defective. In so ruling, the trial court erred.

The trial court relied on *People* v. *Budzan* (1940), 295 Mich 547, in holding that defendant's acts are not proscribed by the liquor control act. In that case an organization of workers, which the Supreme Court regarded as an unincorporated association in the absence of evidence to the contrary, bought beer with money from the treasury and dispensed it exclusively to the members at a picnic. Budzan, the association's secretary, was arrested and charged with dispensing liquor without a license. The Court affirmed the lower court's quashing of the information, holding that when the unincorporated association purchased the beer the rights to it vested in the members, and thus there could be no sale or gift to them.

In the present case there is nothing to indicate that VFW Post 6252 is incorporated, and therefore it must be treated as an unincorporated association. But here the similarity with the *Budzan* case ends. The transaction between defendant and Behrens is unlike that of *Budzan* where liquor was purchased with monies from a common fund to which members of an unincorporated association contributed, and was then dispensed only to those members without further payment. George Behrens was not a member of the association known as VFW Post 6252, nor had he contributed to the fund from which the post financed the purchase of the liquor. Thus it cannot be said that he enjoyed rights of ownership in the liquor prior to its being served to him. The fact that he paid for the drinks after they were served to him leads one to the conclusion that the transaction was a sale within the meaning of the liquor control act.

The trial court held the information to be fatally defective by reason of its failure to cite the statute under which defendant was charged.

The body of the information clearly sets forth the charge against defendant. The statute under which an accused person is charged need not be cited in the information. *People* v. *Eger* (1941), 299 Mich 49; *People* v. *Freedland* (1944), 308 Mich 449.

The order quashing the information is reversed.