PEOPLE v CHRONISTER

1. CRIMINAL LAW—BREAKING AND ENTERING A MOTOR VEHICLE—ELE-
MENTS—INTENT.

The elements of the crime of breaking and entering an automo-
bile with intent to steal property valued at not less than $5 are
that defendant entered or broke into a vehicle and that he did
so with the purpose or intent of stealing or unlawfully remov-
ing property valued at $5 or more; the crime is the entry with
the requisite intent, and no element of actual removing or
taking need be established or that the property in fact had a
value of $5 or more, only that the defendant *intended* to
remove property valued at $5 or more (MCLA 750.356a).

2. CRIMINAL LAW—BREAKING AND ENTERING A MOTOR VEHICLE—CON-
STITUTIONALITY—LEGAL STANDARD.

The statute prohibiting breaking and entering a motor vehicle
with the intent to steal property valued at not less than $5 is
not unconstitutionally vague because it does provide standards
for the trier of fact to determine whether the requisite intent
was present at the time the vehicle was entered; reference may
be made to the actual value of the goods taken and inferences
of requisite intent may be made from the totality of the facts
and circumstances disclosed by the testimony (MCLA 750.356a).

Appeal from Berrien, Chester J. Byrns, J. Sub-
mitted Division 3 November 9, 1972, at Grand
Rapids. (Docket No. 13783.) Decided January 18,
1973.

Jimmy D. Chronister, also known as Jimmy D.
Breedlove, was convicted of breaking and entering
an automobile with intent to steal property valued
at not less than $5. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 13 Am Jur 2d, Burglary § 7.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Acting Chief Assistant Prosecuting Attorney, for the people.

*Thomas R. Fette,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. Defendant's jury trial on a charge of breaking and entering an automobile with intent to steal property valued at not less than $5, MCLA 750.356a; MSA 28.588(1), resulted in his conviction. His motion to set aside his conviction and vacate his sentence was denied. From the denial of this motion, he appeals.

The pertinent portion of MCLA 750.356a; MSA 28.588(1), the statute upon which defendant was convicted, states:

"Any person who shall enter or break into any motor vehicle * * * for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property of the value of not less than $5.00 * * * shall be guilty of a felony, punishable by a fine not to exceed $1,000.00, or by imprisonment in the state prison for not more than 5 years."

Defendant contends that the elements of the crime charged are:

1) That the defendant entered or broke into a vehicle.

2) That he either entered or broke into a vehicle with the purpose or intent of stealing or unlawfully removing property.

3) That the property so removed had a value of not less than $5.

He asserts that the people failed to present evidence that is sufficient to warrant a finding of guilty beyond a reasonable doubt as to the aforementioned third element in that the people failed to establish that the property actually taken had a value of $5 or more.

Defendant's assertion that the third element of the crime is "3) That the property so removed had a value of not less than $5" is erroneous. The crime involved is breaking and entering a motor vehicle *for the purpose of* stealing or unlawfully removing goods of the value of $5 or more. The wording of the statute clearly defines the third element of the crime as an element of *scienter*. The crime is the entry with the requisite intent. No element of actual removing or taking need be established or that the property in fact had a value of $5 or more. Thus, we conclude that the third element of the crime is in fact: 3) that the defendant *intended* to remove property valued at $5 or more.

A careful review of the record clearly indicates that there was sufficient evidence to warrant a finding of guilty beyond a reasonable doubt on all elements of the crime, including the third element. In fact, as to the third element, the defendant himself admitted on the stand that when he took the purse out of the automobile, he would have taken any amount of money that he could have and that he had hoped that there would have been more money in the purse than what he said he found. We therefore conclude that the first contention of the defendant is without merit.

Defendant's second contention is that MCLA 750.356a; MSA 28.588(1) violates due process in

that the statute is so vague and standardless as to leave the trier of fact free to decide, without any legally fixed standards, what conduct constitutes a crime. He asserts that there is no standard that the trier of fact may employ to measure the defendant's intent with regard to the value of goods he intends to steal other than the value of the goods actually taken.

We find no merit to the defendant's contention that the statute is unconstitutionally vague. As the defendant points out, reference may be made to the actual value of the goods taken. In addition, the requisite intent may be inferred from the totality of the facts and circumstances disclosed by the testimony. *People v Butler,* 27 Mich App 404 (1970); *People v Dugger,* 14 Mich App 270 (1968).[1] As such, there is a legal standard by which the trier of fact may determine whether the requisite intent was present at the time that the vehicle was entered.

Affirmed.

[1] Both of these cases involved the crime of breaking and entering a building with intent to commit larceny. MCLA 750.110; MSA 28.305. It is noteworthy that the relevant corpus delicti of this crime is directly analogous to the corpus delicti of the crime herein involved. MCLA 750.110 requires that at the time of the breaking and entering, the intent to commit a larceny must have been present. *People v Barron,* 381 Mich 421 (1968). Under both statutes, it is necessary for the trier of fact to ascertain whether the requisite intent to commit larceny was present at the time the breaking and/or entering took place.