PEOPLE v FUZI

1. LARCENY—JUVENILE DEFENDANT—PROBATE COURT—JURISDICTION—
WAIVER.

Jurisdiction of the probate court over a 16-year-old defendant accused of larceny from a motor vehicle could properly be waived where the juvenile court petition alleged both the requisite value and damage to the motor vehicle to classify the larceny charged as a felony even though the waiver order itself did not recite value or damage, because the order itself does not constitute the accusation of a felony necessary for waiver, where there was no allegation made that the investigation or notice requirements of the waiver statute were not complied with (MCLA 712A.4, 750.356[a]).

2. INDICTMENT AND INFORMATION—STATEMENT OF CHARGE—STATUTES
—JUVENILE DEFENDANT—CIRCUIT COURT—JURISDICTION.

Jurisdiction over a juvenile defendant was not precluded from attaching in circuit court where the information referred to the general larceny statute although the petition and waiver order in juvenile court specifically charged violation of the larceny from a motor vehicle statute since it is not necessary that an information indicate the particular section or even the statute upon which the case rests (MCLA 750.356, 750.356[a]).

3. INDICTMENT AND INFORMATION—LARCENY—VALUE OF GOODS—JU-
VENILE DEFENDANT—APPEAL AND ERROR.

Failure of an information for larceny to allege a necessary element of the felony, the value of the goods taken, was not reversible error where the defendant made no timely objection to the defect in the information and does not claim he would have been surprised had the information been amended below, especially where the defendant was a juvenile and had been properly charged at the start of the proceedings by petition in juvenile court and therefore would have had a difficult task in sustaining a claim of surprise.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 41 Am Jur 2d, Indictments and Informations §§ 69, 79.
[4] 50 Am Jur 2d, Larceny § 136.

4. LARCENY—PLEA OF GUILTY—UNDERSTANDING PLEA—VALUE OF
    GOODS—APPEAL AND ERROR.
    The trial judge erred in accepting a plea of guilty to the offense of
    larceny where the record of the plea-taking fails to establish
    the value of the goods taken, because the judge could not have
    been satisfied that the defendant had full knowledge of the
    nature of the accusation where it is impossible to determine
    from the record whether defendant was convicted of a felony or
    a misdemeanor (MCLA 750.356, 750.356[a], 768.35; GCR 1963,
    785.3).

Appeal from Wexford, William R. Peterson, J. Submitted Division 3 April 10, 1972, at Grand Rapids. (Docket No. 10441.) Decided April 23, 1973.

Wendell A. Fuzi was convicted, on his plea of guilty, of larceny. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward W. Ten-Houten,* Prosecuting Attorney, for the people.

*Larry R. Farmer,* Assistant State Appellate Defender, for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

J. H. GILLIS, P. J. Defendant was charged in juvenile court with a violation of MCLA 750.356(a); MSA 28.588(1).[1] The petition alleged that defendant

" * * * did break and enter into the glove compartment of an automobile belonging to said Albert Yack,

---

[1] "Any person who shall enter or break into any motor vehicle * * * for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property of the value of not less than $5.00, or who shall break or enter into any motor vehicle * * * for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property regardless of the value thereof if in so doing such person breaks, tears, cuts or otherwise damages any part of such motor vehicle * * * shall be guilty of a felony, punishable by a fine not to exceed $1,000.00, or by imprisonment in the state prison not more than 5 years." MCLA 750.356(a); MSA 28.588(1).

being a 1966 Oldsmobile, Michigan License number MC 3728, breaking the latch on said glove compartment, which was locked, and removing therefrom: (1) one small compass knife, (2) one Timex watch with no band, and (3) one two-cell Ashton flashlight, the total value of all said items being approximately $7.00, all being in violation of Section 750.356(a), Michigan Compiled Laws of 1948 Annotated."

Jurisdiction over defendant was waived by a March 10, 1970 order of the juvenile division of the Wexford County Probate Court. The waiver order permitted trial of defendant in circuit court on the felony charge of larceny from a motor vehicle, in violation of MCLA 750.356(a), *supra.* The offense under that statute is a felony if the value of the goods taken from the motor vehicle is not less than $5, or, regardless of the value of property taken, if the person breaks, tears, cuts, or otherwise damages any part of the motor vehicle. The offense is punishable by not more than five years imprisonment or a fine.

The information in circuit court charged larceny from a motor vehicle of a Timex watch without a band, a two-cell Ashton flashlight, and a small compass knife. The information cited not the larceny from a motor vehicle statute, cited above, but the general larceny statute, MCLA 750.356; MSA 28.588.[2] Under that statute, the theft of goods of a value exceeding $100 is a felony punishable by five years imprisonment or by fine. However, if property stolen is of the value of $100 or less, the

---

[2] "Any person who shall commit the offense of larceny, by stealing, of the property of another, any money, goods or chattels * * * if the property stolen exceed the value of $100.00, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by fine of not more than $2,500.00. If the property stolen shall be of the value of $100.00 or less, such person shall be guilty of a misdemeanor." MCLA 750.356; MSA 28.588.

offense is a misdemeanor. The information did not contain any allegation of price or value of the goods taken, nor did it allege a breaking of a part of the vehicle.

Preliminary examination was waived. On June 12, 1970, defendant appeared with appointed counsel before the circuit judge and pled guilty to the offense of stealing property from a motor vehicle in violation of the general larceny statute. At no time during the court's interrogation of defendant at arraignment did the court inquire as to the value of the goods taken. No testimony or factual basis for establishing value or damage to the vehicle was introduced. The plea of guilty was accepted. On September 8, 1970, the defendant was sentenced to a three-to five-year prison term.

Defendant brought a motion for peremptory reversal in this Court, based on the alleged lack of jurisdiction of the circuit court to proceed against defendant because the information filed in the cause contained no allegation as to value, under either the general larceny statute or the larceny from a motor vehicle statute, and because no evidence was introduced to establish value. Motion for peremptory reversal was denied. A claim of appeal was duly filed, to which there was no response from the prosecuting attorney. We reversed on the basis that allegation of value of goods taken was essential to establish that a felony had been charged. Accusation of a felony is a prerequisite to a valid waiver from juvenile court. In the absence of a showing that defendant had been properly charged with a felony, we reversed on the basis that no proper waiver of jurisdiction had occurred.

Subsequently, the prosecuting attorney filed a motion for rehearing, which was granted. On re-

hearing, we reverse on different grounds than those relied on in our previous opinion.

First, we consider defendant's contention that the waiver of jurisdiction from juvenile court was defective, precluding jurisdiction from attaching in circuit court.

The statute authorizing waivers reads, in pertinent part:

"In any case where a child over the age of 15 years is *accused of any act the nature of which constitutes a felony,* the judge of probate of the county wherein the offense is alleged to have been committed may * * * waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense." MCLA 712A.4; MSA 27.3178(598.4). (Emphasis supplied.)

The petition quoted above alleged both the requisite value and damage to the motor vehicle, either of which is sufficient to classify the larceny charged as a felony. The fact that the waiver order itself did not allege value or damage is not material, as the order itself does not constitute the accusation. There is no allegation that the investigation or notice requirements of the waiver statute were not complied with. The defendant was 16 and accused of a felony. That is all the statute requires, and the waiver of jurisdiction to circuit court was proper. *People v Terpening,* 16 Mich App 104, 108 (1969); *People v Hoerle,* 3 Mich App 693, 698 (1966).

We next consider defendant's contention that the defects in the information on which defendant was prosecuted precluded jurisdiction from attaching in the circuit court.

The defects complained of were two. First, although the petition and waiver order in juvenile court specifically charged violation of MCLA

750.356(a); MSA 28.588(1), larceny from a motor vehicle, the information referred to MCLA 750.356; MSA 28.588, the general larceny statute, omitting the (a) and the (1), respectively.

Second, the information described the goods taken, but failed to allege a necessary element of the felony: namely, the value or price of the goods taken.

The first defect complained of is not fatal, as "[i]t is not necessary that an information indicate the particular section or even the statute upon which the case rests. *People v Murn,* 220 Mich 555 [1922]". *People v Hopper,* 274 Mich 418, 421 (1936). See *People v Dayton,* 18 Mich App 313, 316 (1969), and cases cited therein.

The failure to allege value is a more serious defect. The value of the property alleged to have been stolen is an essential element of the crime where, as here, it is the test differentiating felonies and misdemeanors. *Merwin v People,* 26 Mich 298 (1873); *People v Belcher,* 58 Mich 325 (1885).[3]

Defendant asks that his conviction be reversed because of this defect, although the objection was raised for the first time on appeal. The rule in this state is set forth in MCLA 767.76; MSA 28.1016, and reads in pertinent part:

"No indictment shall be quashed * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in

[3] See *State v Scholl,* 118 Kan 629; 236 P 816 (1925); *State v Overton,* 193 Tenn 171; 245 SW2d 188 (1951); *State v Perry,* 87 SC 535; 70 SE 304 (1911); *State v Criss,* 125 W Va 225; 23 SE2d 613 (1942). *See* 41 Am Jur 2d, Indictments and Informations, § 140, Value, p 968. *See also* 99 ALR2d 813, § 12[c], pp 840–841, *Sufficiency of description of stolen property in indictment or information for receiving it.*

its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance * * * ."

"It is a generally accepted rule that under a statute vesting courts with power to amend indictments, any amendment not prejudicial to the rights of the accused may be allowed." *People v Watson,* 307 Mich 596, 601–602 (1943).

See 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), Indictments and Informations, § 375, Amendments, pp 452–455. The defect complained of here was amendable upon proper objection. *People v Donald,* 48 Mich 491, 493 (1882); *People v Sutherland,* 104 Mich 468, 472 (1895). The controlling consideration in each case is whether the amendment would be prejudicial to the accused. To show prejudice, one must first show surprise. *People v Morris,* 23 Mich App 688, 692 (1970).

Defendant made no timely objection to the defect in the information, and does not claim that he would have been surprised had the information been amended below. Indeed, in view of the fact that defendant was properly charged at the start of these proceedings, in the petition in juvenile court, it would have been a difficult task for him to have sustained a claim of surprise. Furthermore, the juvenile court can only waive jurisdiction over felonies, and the juvenile may only be tried in circuit court for the specific crime over which jurisdiction was waived. *People v Hoerle, supra; People v Terpening, supra.* The circumstances of this case indicate that the defect complained of could have been amended on proper objection. No timely objection having been made, the conviction will not be reversed on that ground. MCLA 767.76; MSA 28.1016. *People v Sutherland, supra.*

We are next confronted with the failure of the record of the plea-taking to establish the value of the goods taken. Proof that the value of the goods was not less than $5 was an essential element of the felony charged. *People v Hanenberg,* 274 Mich 698 (1936); *People v Haynes,* 36 Mich App 705 (1971). Statute and court rule require that before accepting a plea of guilty, the trial judge must satisfy himself that " * * * said plea was made freely, *with full knowledge of the nature of the accusation,* and without undue influence". MCLA 768.35; MSA 28.1058; GCR 1963, 785.3. (Emphasis supplied.)

In this case, it appears that none of the participants in this guilty-plea proceeding had the requisite "full knowledge of the nature of the accusation". The description of the items taken, as enumerated in the information, raises doubts as to whether their aggregate value would amount to $5. On the record of this plea-taking, it is impossible to determine whether defendant was convicted of a 5-year felony or a 90-day misdemeanor. We conclude that the trial judge erred in failing to establish the crime in which defendant participated. *People v Taylor,* 387 Mich 209, 224 (1972); *People v Barrows,* 358 Mich 267, 272 (1959). See *People v Rufus Williams,* 386 Mich 277 (1971).

Reversed and remanded for entry of an order granting a new trial.

All concurred.