PEOPLE v NICHOLS

1. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—ELEMENTS OF CRIME
   —REASONABLE DOUBT.

   A defendant is entitled to be presumed innocent until proven
   guilty, and, to overcome the presumption of innocence, the
   prosecutor is required to prove each element of the crime
   charged beyond a reasonable doubt.

2. CRIMINAL LAW—AUTOMOBILES—BREAKING AND ENTERING—ELE-
   MENTS—STATUTES.

   There are three essential elements of the crime of breaking or
   entering an automobile for the purpose of stealing goods valued
   at $5 or more that the prosecutor must prove beyond a reasona-
   ble doubt: (1) that the defendant entered or broke into a
   vehicle, (2) that he either entered or broke into a vehicle with
   the purpose or intent of stealing or unlawfully removing prop-
   erty, and (3) that the defendant intended to remove property
   valued at $5 or more (MCLA 750.356a; MSA 28.588[1]).

3. CRIMINAL LAW—AUTOMOBILES—BREAKING AND ENTERING—ELE-
   MENTS—VALUE OF GOODS.

   The actual value of the goods taken or intended to be taken is not
   an element of the crime of breaking or entering an automobile
   for the purpose of stealing goods valued at $5 or more; how-
   ever, the defendant must intend to remove property valued at
   $5 or more.

4. CRIMINAL LAW—AUTOMOBILES—BREAKING AND ENTERING—VALUE
   OF GOODS—JURY—EVIDENCE.

   Evidence was sufficient to support a jury finding that the defend-
   ant's accomplice intended to remove property valued at $5 or
   more from an automobile where there was testimony that the
   accomplice was looking in parked cars for merchandise worth

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 224 et seq.
[2–4] 13 Am Jur 2d, Burglary § 7.
   Burglary or breaking and entering of motor vehicle. 79 ALR2d 286.
[5, 6] 5 Am Jur 2d, Appeal and Error §§ 882, 883.

taking and that the car broken into contained approximately 50 record albums.

5. APPEAL AND ERROR—JURY—SUFFICIENCY OF EVIDENCE.

　　The Court of Appeals, in reviewing a claim that the evidence is insufficient to support a jury verdict, determines if there is some evidence which will support the jury's finding.

6. APPEAL AND ERROR—WEIGHT OF EVIDENCE—NEW TRIAL—JUDGES—DISCRETION.

　　The Court of Appeals, in reviewing a denial of a new trial based on a claim that the jury verdict was against the great weight of the evidence, reviews the record to determine if the trial court abused its discretion.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted May 4, 1976, at Detroit. (Docket No. 26372.) Decided May 28, 1976.

Archie T. Nichols was convicted of breaking or entering an automobile for the purpose of stealing goods valued at $5 or more. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Elliot P. Kramer,* for defendant.

Before: BRONSON, P. J., and D. E. HOLBROOK, JR. and D. F. WALSH, JJ.

PER CURIAM. The defendant was convicted by a jury of breaking or entering an automobile for the purpose of stealing goods valued at $5 or more. MCLA 750.356a; MSA 28.588(1). He was sentenced

to prison for a term of 3-1/3 to 5 years. Subsequently, the defendant filed a motion for a new trial which was denied by the trial court. He now appeals as of right.

The twin pillars supporting our criminal justice system are: (1) that the defendant is entitled to be presumed innocent until proven guilty, and (2) that to overcome the presumption of innocence the prosecutor is required to prove each element of the crime charged beyond a reasonable doubt. See *People v Palmer,* 392 Mich 370, 375; 220 NW2d 393 (1974). There are three essential elements of the crime of breaking or entering an automobile for the purpose of stealing goods valued at $5 or more that the prosecutor must prove beyond a reasonable doubt in order to convict the defendant.

"1) That the defendant entered or broke into a vehicle.

"2) That he either entered or broke into a vehicle with the purpose or intent of stealing or unlawfully removing property.

\* \* \*

"3) [T]hat the defendant *intended* to remove property valued at $5 or more." (Emphasis in original.) *People v Chronister,* 44 Mich App 478, 479–480; 205 NW2d 238 (1973).

Contrary to the defendant's assertion, the actual value of the goods taken or intended to be taken is not an element of the offense the defendant stands convicted of. *People v Chronister, supra* at 480. *Contra People v Fuzi,* 46 Mich App 204, 211; 208 NW2d 47 (1973). The defendant's contention would be correct if the statute required a completed larceny to sustain a conviction. *Cf., People v Westman,* 53 Mich App 662, 664; 220 NW2d 169 (1974). However, a cursory reading of the relevant portion

of the statute[1] reveals that the statute punishes a breaking or entering of a motor vehicle; it does not only punish a completed larceny from a motor vehicle.

The cases cited by the defendant in support of his position[2] rely on *People v Hanenberg,* 274 Mich 698, 699; 265 NW 506 (1936). That case is factually distinguishable since it dealt with a conviction under the receiving stolen property statute. MCLA 750.535; MSA 28.803. Under that statute, before the crime is completed the defendant must have acquired possession of goods valued at over $100. Under the statute in the instant case, the defendant does not have to obtain possession of any goods.

The defendant claims on appeal that the evidence adduced to support the third element is not sufficient to support an adverse finding beyond a reasonable doubt. At trial, Darnell Walton, the defendant's accomplice, testified that he "was looking into the parked cars * * * for merchandise or something that was worth taking".[3] Al Perkins, the owner of the automobile that was broken into, testified that he had approximately 50 record albums on the front floorboard at the time his car was broken into.

We believe that this evidence was sufficient, if believed by the jury, to establish the third element

[1] MCLA 750.356a; MSA 28.588(1) reads in relevant part:

"Any person who shall enter or break into any motor vehicle * * * for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property of the value of not less than $5.00 * * * shall be guilty of a felony * * * ."

[2] *People v Fuzi,* 46 Mich App 204, 211; 208 NW2d 47 (1973), *People v Haynes,* 36 Mich App 705, 706; 193 NW2d 899 (1971). *See also People v Westman,* 53 Mich App 662, 664; 220 NW2d 169 (1974).

[3] Walton had previously pled guilty to attempted breaking or entering of a motor vehicle for the purpose of stealing goods valued at $5 or more. MCLA 750.92; MSA 28.287, MCLA 750.356a; MSA 28.588(1).

of the crime beyond a reasonable doubt. *People v Chronister, supra,* at 480. From this testimony the jury could reasonably infer that Walton believed that the 50 record albums on the floorboard of Perkins' car had a value of $5 or more when he broke into the automobile. However, the evidence would be insufficient if the prosecutor were attempting to establish the actual value of the albums under the general larceny statute. *People v Cole,* 54 Mich 238, 239; 19 NW 968 (1884).

Although the defendant was charged as a principal, the only evidence introduced indicated that at most the defendant was an aider and abettor. Accordingly, the trial court instructed the jury on the issue of aiding and abetting. See MCLA 767.39; MSA 28.979, *People v Hooper,* 50 Mich App 186, 191; 212 NW2d 786 (1973), *lv den,* 391 Mich 808 (1974). The defendant attacks the necessarily implied adverse finding of fact by the jury that the defendant was an aider and abettor, claiming that the evidence is insufficient and that the verdict is against the great weight of the evidence.

In reviewing the claim that the evidence is insufficient, this Court must determine if there is some evidence which will support the jury's findings. *People v Palmer, supra* at 376–377, *quoting People v Howard,* 50 Mich 239, 242–243; 15 NW 101 (1883). In the present case, there is evidence which supports the jury's necessarily implied finding of fact on this issue. A security guard testified for the prosecution that he observed the defendant and Walton glance into several vehicles before Walton broke into Perkins' automobile. He also opined that he thought that the defendant was acting as a look-out for Walton while Walton committed the break-in. See *People v Fuller,* 395 Mich 451; 236 NW2d 58 (1975).

In reviewing a claim that the verdict is against the great weight of the evidence, this Court reviews the record to determine if the trial court abused its discretion in denying defendant's motion for a new trial. *People v Mattison,* 26 Mich App 453, 459–460; 182 NW2d 604 (1970). Even though there was a clear conflict in the testimony between the security guard and Walton about the defendant's involvement in the crime, we cannot say that the trial court abused its discretion. The issue was one of credibility, and whereas we must look at a cold typewritten transcript, the trial court had an opportunity to observe the witnesses as they testified.

Affirmed.