## PEOPLE v JOHNSON

Docket No. 61977. Submitted March 4, 1983, at Grand Rapids.—
Decided September 13, 1983.

Defendant, Theodore Johnson, also known as Teddy Johnson or
T. J., was convicted by a jury in the Kalamazoo Circuit Court of
criminal sexual conduct in the third degree. The trial court,
Robert L. Borsos, J., then sentenced defendant to 3 to 22-1/2
years imprisonment. Defendant appeals. *Held:*

1. The trial court did not err in ruling that evidence of
defendant's prior conviction for uttering and publishing was
admissible for purposes of impeachment. Defendant's release
from confinement imposed for the conviction of uttering and
publishing came within the ten-year limit for the use of such
evidence set forth in the rules of evidence.

2. The trial court recognized its discretion to deny the use of
the evidence of the prior conviction and did consider whether
the prejudicial effect of such evidence outweighed its probative
value.

3. The trial court properly exercised its discretion when it
directed the jury to deliberate further without rehearing the
testimony which the jury had requested to have read back to it
and did not rule out the possibility of having the testimony
read at a later time.

4. The trial court did not abuse its discretion in finding

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence § 1175.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 21.

81 Am Jur 2d, Witnesses § 577.

Right to impeach credibility of accused by showing prior conviction,
as affected by remoteness in time or prior offense. 67 ALR3d 824.

Form and sufficiency of allegations as to time, place, or court of
prior offenses or convictions, under habitual criminal act or
statute enhancing punishment for repeated offenses. 80 ALR2d
1196.

[3] 76 Am Jur 2d, Trial § 1041.

Right to have reporter's notes read to jury. 50 ALR2d 176.

[4, 5] 5 Am Jur 2d, Appeal and Error §§ 555, 556, 607, 608, 637, 887.

[6] 47 Am Jur 2d, Jury § 3.

75 Am Jur 2d, Trial §§ 319, 321.

[7] 5 Am Jur 2d, Appeal and Error § 891.

defendant's conviction to be supported by the record and in denying defendant's motion for a new trial grounded on a claim that the verdict was against the great weight of the evidence.

5. There was no reversible error in the trial court's instructions. Defense counsel made no objections and expressed satisfaction with the instructions. There was no manifest injustice resulting from the instructions as given.

Affirmed.

1. EVIDENCE — WITNESSES — IMPEACHMENT — PRIOR CONVICTIONS — TIME LIMIT.

The rule of evidence providing for the impeachment of a witness by evidence of conviction of a crime contains a time limit making such evidence not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date (MRE 609[b]).

2. EVIDENCE — WITNESSES — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

The use of evidence of a witness's prior conviction of a crime for impeachment purposes is within the discretion of the trial court; the trial judge must positively indicate and identify his exercise of discretion; it is sufficient if the record reflects that the trial judge was aware that he had the discretion to disallow the evidence and that his decision was based upon an exercise of this discretion (MRE 609[a][2]).

3. JURY — REREADING TESTIMONY.

Both the reading and the extent of the reading are matters generally within the sound discretion of a trial judge when a jury requests that testimony be read back to it; a trial court properly exercises such discretion when it directs a jury to deliberate further without rehearing the testimony so long as the possibility of having the testimony read at a later time is not ruled out.

4. APPEAL — VERDICTS — NEW TRIAL — PRESERVING QUESTION.

A defendant's claim that the verdict was against the great weight of the evidence is properly preserved for appeal where the defendant moved for a new trial on that ground in the trial court.

5. APPEAL — VERDICTS — NEW TRIAL.

The standard of review applicable to a claim that a trial court

erred in denying a motion for new trial based on a claim that the verdict was against the great weight of the evidence is whether, upon review of the record, the trial court abused its discretion in denying the motion.

6. JURY — TESTIMONY.
   The credibility and weight to be given to the testimony of a witness is within the province of the jury.

7. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.
   The failure to request or object to jury instructions precludes appellate review of such instructions absent manifest injustice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Douglas E. Weldon,* Assistant Prosecuting Attorney, for the people.

*Marovich & Stroba* (by *Milton J. Marovich),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and D. F. WALSH and J. C. KINGSLEY,* JJ.

D. E. HOLBROOK, JR., P.J. Defendant was convicted by a jury of criminal sexual conduct in the third degree contrary to MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). Thereafter sentenced to a prison term of 3 to 22-1/2 years, defendant appeals as of right.

First, defendant claims that the trial court erred in ruling that evidence of defendant's prior conviction for uttering and publishing was admissible for purposes of impeachment. More specifically, defendant contends that the trial court misinterpreted the ten-year time limitation set forth in MRE 609(b). On June 1, 1970, defendant was sentenced to two years probation, plus $100 in fines, for the crime of uttering and publishing. On January 11,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1971, defendant pled guilty to a probation violation and was sentenced to 2 to 14 years imprisonment. Defendant spent one to two years in prison. We hold that the trial court did not misapply said rule. Although defendant's incarceration followed his violation of probation, the incarceration still related to the original conviction of uttering and publishing. Defendant's release from confinement imposed for the conviction of uttering and publishing, therefore, came within the ten-year limit of MRE 609(b).

Defendant further contends that the trial court failed to determine whether the probative value of the evidence of the conviction outweighed its prejudicial effect as required by MRE 609(a)(2). We disagree. The trial judge must positively indicate and identify his exercise of discretion. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). It is sufficient if the record reflects that the trial judge was aware that he had the discretion to disallow the evidence of a prior conviction and that his decision was based upon an exercise of this discretion. *People v Hollis,* 96 Mich App 333; 292 NW2d 538 (1980); *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979); *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978). A review of the trial court's decision indicates that it did consider whether the prejudicial effect of admitting evidence of defendant's prior conviction outweighed the probative value on the issue of credibility. Moreover, the court recognized its discretion to deny the use of the evidence of the conviction if its prejudicial effect outweighed the probative value. We find no reversible error.

Second, defendant claims that the trial court erred in denying the jury's request to have the complainant's and defendant's testimony read

back. As a general rule, when a jury requests that testimony be read back to it, both the reading and extent of the reading are matters within the sound discretion of the trial judge. *People v Howe,* 392 Mich 670, 675; 221 NW2d 350 (1974). This Court has repeatedly held that a trial court properly exercises its discretion when it directs a jury to deliberate further without rehearing the testimony, so long as the possibility of having the testimony read at a later time is not ruled out. See *People v Joseph,* 114 Mich App 70; 318 NW2d 609 (1982); *People v Solomon,* 82 Mich App 502; 266 NW2d 453 (1978). Such is the case herein. We find no abuse of discretion.

Third, defendant claims that the verdict was against the great weight of the evidence. Defendant's claim is properly preserved for appeal since defendant moved for a new trial on that ground in the trial court. *People v Ferguson,* 94 Mich App 137, 148; 288 NW2d 587 (1979). The standard of review for a great weight question is whether upon review of the record the trial court abused its discretion in denying defendant's motion for a new trial. *People v Nichols,* 69 Mich App 357, 362; 244 NW2d 335 (1976). Since the defendant admitted to engaging in sexual intercourse with the complainant, the only issue at trial was whether the sexual act was achieved through force and coercion. The trial was to a great extent a credibility battle between the complainant and the defendant. The defendant, relying on the defense of consent, claimed that the complainant offered to perform sexual favors in exchange for money. The complainant testified that the defendant took her to a secluded spot, grabbed her by the thighs and pulled her over the seat into the back seat of his car, and pinned down her shoulders. She testified that she struggled to resist and that she was forcibly required to engage in sexual intercourse.

The defendant told the police several different versions of the event in question. The complainant's testimony at trial varied considerably from the version of the events which she related to the people who picked her up. Since the credibility and weight to be given to the testimony of a witness is within the province of the jury, see *People v Atkins,* 397 Mich 163, 172; 243 NW2d 292 (1976), we cannot conclude that there was an abuse of discretion in the trial court's denial of defendant's motion for a new trial. We hold the trial court did not abuse its discretion in finding defendant's conviction to be supported by the record. Defendant's motion was not improperly denied.

Finally, defendant claims that the trial court did not adequately instruct the jury on the defense of consent. A review of the instructions reveals that the trial court informed the jury of the defendant's theory of consent but did not define consent or inform the jury what effect a finding of consent would have on defendant's guilt. Defendant's counsel made no objections to the instructions and, in fact, expressed satisfaction therewith. Failure to request or object to jury instructions precludes appellate review absent manifest injustice. *People v Sherman Hall,* 77 Mich App 456; 258 NW2d 517 (1977), *lv den* 402 Mich 909 (1978). We find no manifest injustice herein. The court's instruction requiring the jury to find that penetration was accomplished by force or coercion implicitly required the jury to find that the complainant did not consent to sexual intercourse before it could find defendant guilty. See *People v Jansson,* 116 Mich App 674; 323 NW2d 508 (1982); *People v Paquette,* 114 Mich App 773; 319 NW2d 390 (1982). We find no reversible error.

Affirmed.